# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

RICHARD ALEXANDER C. C.,

        Petitioner,

v.

DAVID EASTERWOOD, *Director of St. Paul Field Office for U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations*; MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security*; JOEL BROTT, *Administrator of the Sherburne County Jail*, TODD LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; and TODD BLANCHE, *Acting Attorney General of the United States*,

        Respondents.

Case No. 26-cv-2137 (LMP/ECW)

**ORDER DENYING HABEAS PETITION**

---

Matthew Michael McGilvray, **Anderson & Anderson Law, LLC, Minneapolis, MN**, for Petitioner.

Ebony Nicole Thomas, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

On April 2, 2026, Petitioner Richard Alexander C. C. filed a petition for a writ of habeas corpus alleging that Respondents (the "Government") unlawfully arrested him without an administrative warrant, as required by federal immigration law. ECF No. 1. The Government responds that it did have a warrant for his arrest. ECF No. 5. For the following reasons, the Court denies the petition.

**BACKGROUND**

Richard Alexander C. C. is a citizen of Ecuador who has lived in the United States since 2022. ECF No. 1 ¶ 19. On March 27, 2026, Richard Alexander C. C. was pulled over by local police officers in Anoka County, charged with driving without a license, and booked at the Anoka County Jail. *Id.* ¶ 22; *see also* ECF No. 6-3 at 2.

At some point after he was booked, but before he was released, Immigration and Customs Enforcement ("ICE") sent the Anoka County Jail an I-247A form, otherwise known as a "detainer." ECF No. 6-4 at 1–2. The detainer informed Anoka County that ICE had determined that "probable cause exists that" Richard Alexander C. C. "is a removable individual" and asked the Anoka County Jail to notify ICE "as early as practicable . . . before the individual is released from your custody." *Id.* at 1.

Upon his release from the Anoka County Jail, Richard Alexander C. C. was immediately arrested by ICE agents and transported to the Sherburne County Jail in Elk River, Minnesota. ECF No. 1 ¶ 23; ECF No. 6-3 at 2. Richard Alexander C. C. alleges that he did not receive any information about the reason for his arrest and that he was not provided any paperwork to justify his arrest. ECF No. 1 ¶ 24. After he arrived at the Sherburne County Jail, Richard Alexander C. C. "received some documents," *id.*, that he assumes included an administrative warrant for his arrest, ECF No. 7 at 4. He has remained in ICE custody at the Sherburne County Jail since his arrest, and ICE has initiated removal proceedings against him. *See* ECF No. 6-1.

On April 2, 2026, Richard Alexander C. C. filed this habeas petition. He alleges that ICE unlawfully arrested him because, at the time of the arrest, ICE did not have a valid administrative warrant for his arrest, as required by 8 U.S.C. § 1226(a). ECF No. 1 ¶¶ 45–53. He further asserts ICE cannot justify his warrantless arrest under 8 U.S.C. § 1357(a)(2), which allows ICE agents to make a warrantless arrest only where the agent "has reason to believe that the [noncitizen] so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." *Id.* As a result, he asks for his immediate release. *Id.* at 14.

In response, the Government contends it did have a warrant for Richard Alexander C. C.'s arrest, ECF No. 5 at 4, and attaches an I-200 administrative warrant, ECF No. 6-2. The administrative warrant states that it was issued on March 27, 2026—the day of Richard Alexander C. C.'s arrest—and was served by ICE on Richard Alexander C. C. at the Sherburne County Jail the same day. *Id.* at 1. Although the warrant is not time-stamped, the Government contends that ICE has a formal policy to "issue detainers to local law enforcement" alongside a warrant at the time the detainer is sent. ECF No. 5 at 9. That would mean that ICE had secured the warrant before Richard Alexander C. C.'s arrest. *Id.* As a result, the Government contends that Richard Alexander C. C.'s arrest was lawful and asks the Court to deny the petition. ECF No. 5 at 4–5.

In reply, Richard Alexander C. C. challenges whether the warrant was properly issued and served, arguing that "the evidence points to the issuance and service of the warrant taking place after" he was already detained. ECF No. 7 at 2. Richard Alexander

C. C. otherwise continues to assert that, without a proper warrant, his arrest was unlawful. *Id.* at 2–6.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

The "federal statutory structure instructs when it is appropriate to arrest an alien during the removal process." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Relevant here, Section 1226(a) allows the Attorney General to "exercise discretion to issue a warrant for an alien's arrest and detention." *Id.* (citing 8 U.S.C. § 1226(a)). ICE executes such administrative arrest warrants by use of the I-200 form. *Jouquin C. S. v. Bondi*, No. 26-cv-1438 (DWF/DJF), 2026 WL 483256, at *2 (D. Minn. Feb. 20, 2026). But if "no federal warrant has been issued, those officers have more limited authority" and may arrest a noncitizen only where the noncitizen "is likely to escape before a warrant can be obtained." *Arizona*, 567 U.S. at 408 (quoting 8 U.S.C. § 1357(a)(2)).

Richard Alexander C. C. acknowledges that a warrant issued for his arrest but asserts that the warrant was not issued *before* his arrest and, as a result, seeks his immediate

release.  *See Pina C. D. B. v. Bondi,* No. 26-cv-1929 (KMM/DJF), 2026 WL 810676, at *2 (D. Minn. Mar. 24, 2026) (collecting cases for the proposition that "if the government fails to show that a warrant was issued prior to the arrest, immediate release is the proper remedy").

But the evidence here supports the Government's argument that it obtained a warrant before it arrested Richard Alexander C. C.  While Richard Alexander C. C was in custody at the Anoka County Jail, ICE sent a detainer request to the Anoka County Jail.  ECF No. 6-4.  Clearly, then, ICE had been notified of Richard Alexander C. C.'s booking at the Anoka County Jail and began the process of seeking his detention.  *Mendoza v. U.S. Immigr. & Customs Enf't*, 849 F.3d 408, 413 (8th Cir. 2017) ("An immigration detainer is a notice to law enforcement that ICE seeks custody of an alien not legally in the United States."); *see also* 8 C.F.R. § 287.7.  And while the detainer is not itself a warrant, ICE has a policy that it may only issue detainers if they are "accompanied by a signed administrative warrant."  *City of El Cenizo v. Texas*, 890 F.3d 164, 174 (5th Cir. 2018); *see also* U.S. Immigr. & Customs Enf't, Pol'y No. 10074.2: Issuance of Immigration Detainers by ICE Immigration Officers (Mar. 24, 2017);[1] *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 799 (9th Cir. 2020) (noting that "a signed administrative arrest warrant issued pursuant to 8 U.S.C. §§ 1226 or 1231(a) . . . must now accompany a detainer"); *Moreno v.*

---

[1]    Available at https://perma.cc/UTZ3-X96U.  The Policy directs that all immigration detainers (Form I-247A Immigration Detainer – Notice of Action) must be accompanied by either Form I-200 (Warrant for Arrest of Alien) or Form I-205 (Warrant of Removal/Deportation).

*United States*, No. 1:24-cv-245-RP, 2026 WL 1042030, at \*11 (W.D. Tex. Mar. 25, 2026) (noting that "per ICE policy, a detainer is meant to be accompanied by" a warrant). That ICE sent a detainer to the Anoka County Jail and submitted an otherwise unchallenged warrant, dated on the same day, suggests that ICE followed its policy and issued the warrant at the same time it sent the detainer. This means that there was a warrant prior to Richard Alexander C. C.'s arrest and detention at the Sherburne County Jail.

Certainly, nothing suggests the opposite. Richard Alexander C. C. summarily states that the warrant was not "issued and served prior to [his] arrest, and the evidence points to the issuance and service of the warrant taking place after" the arrest and detention. ECF No. 7 at 2. But he develops no further facts or argument on these assertions. To be sure, the warrant does not appear to have been served on Richard Alexander C. C. until after he arrived at the Sherburne County Jail. ECF No. 6-2. But the statute does not require that a warrant be served to be effective. *See Sinan O. v. Noem*, No. 26-cv-386 (LMP/JFD), ECF No. 14 at 3–6 (D. Minn. Feb. 3, 2026). And short of other evidence suggesting that the warrant was not issued before his arrest, Richard Alexander C. C. has not met his burden to show that his detention is unlawful by a preponderance of the evidence. *See Jose J. O. E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025); *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 702–03 (D. Minn. 2025) (collecting cases) *vacated on other grounds by Harsono v. Akerson*, 2006 WL 88549 (8th Cir. Jan. 8, 2026); 28 U.S.C. § 2241(c)(3). As a result, the Court denies the petition.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Richard Alexander C. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 4, 2026                    *s/Laura M. Provinzino*
                                      Laura M. Provinzino
                                      United States District Judge